IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAY SCOT RILEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID P. SIMS, M.D., and<br>ST. VINCENT HOSPITAL,<br>INTERMOUNTAIN HEALTH,<br><br>　　　　　Defendants. | CV 24-29-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

　　　　Plaintiff Jay Scot Riley, a self-represented litigant, filed a Complaint on March 4, 2024.  (Doc. 2.)  Riley alleged "an infringement on his civil rights" by Defendant David P. Sims, M.D., and sought injunctive relief as well as $1,000,000 in compensatory and punitive damages.  (*Id.*)  On September 3, 2024, the Court granted Riley's motion to proceed in forma pauperis but concluded that his Complaint failed to satisfy the requirements of 28 U.S.C. § 1915(e)(2).  (Doc. 4.)  The Court granted Riley the opportunity to file an amended complaint on or before October 3, 2024.  (*Id.* at 10.)

　　　　On October 3, 2024, Riley filed his Amended Complaint.  (Doc. 5.)  The Amended Complaint named a second defendant, St. Vincent Hospital, Intermountain Health, and sought an award of compensatory and punitive

1

damages. On March 21, 2025, the Court issued an Order concluding that Riley's Amended Complaint again failed to satisfy the requirements of Section 1915(e)(2) but granting Riley the opportunity to file a second amended complaint to clarify his factual allegations and the specific defendants involved. (Doc. 16.)

On March 28, 2025, the Clerk of Court received a letter from Riley stating the following: "This letter will provide formal notice to your Court that I must decline pursuit of litigation in Case No. 1:24-cv-00029-SPW-TJC, RILEY v. SIMS." (Doc. 17.)

Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). An action may also be dismissed at the plaintiff's request by a court order. Fed. R. Civ. P. 41(a)(2).

Here, the Court construes Riley's letter as a notice of voluntary dismissal under Rule 41. Although no opposing party has served an answer or a motion for summary judgment, the Court finds that dismissal by a court order is appropriate given Riley's status as a self-represented litigant and the informal method by which he provided notice.

Accordingly, IT IS HEREBY RECOMMENDED that Riley's Amended Complaint be DISMISSED without prejudice.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon Riley. Riley is advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court within fourteen (14) days after service hereof, or objection is waived.  D. Mont. L.R. 72.3.

DATED this 2nd day of April, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge